UNITED STATES *v.* H. K. MIYAKA (No. 3747)[1]

United States Court of Customs and Patent Appeals, April 30, 1934

*Charles D. Lawrence,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney, of counsel), for the United States.

*Lawrence & Baldwin* for appellee.

[Oral argument April 3, 1934, by Mr. Charles D. Lawrence; submitted on record by appellee]

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges [2]

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee imported at the port of Los Angeles certain goods described by the collector as "globe maps", and by the appraiser in his answer to the protest, using one article as a sample, as "a rubberized silk globe on which appeared a map of the world, with aluminum mountings, and stand."

These goods were classified as articles in chief value of metal, at 45 per centum ad valorem, under paragraph 397 of the Tariff Act of 1930. The importer protested, claiming them to be dutiable, alternatively, as manufactures of cotton, under paragraph 923, manufactures of india rubber, under paragraph 1537, unenumerated manufactured or unmanufactured articles under paragraph 1558, or maps and charts under paragraph 1410 of said tariff act.

The case was submitted on a sample and the record. The trial court held, relying upon *Robinson & Co.* v. *United States,* Abstract 15238, 59 Treas. Dec. 1568, that such portion of the imported articles as consisted of deflated rubber globes was properly dutiable as maps,

---

[1] T. D. 47039.

[2] Hatfield, J., did not participate in this case.

under said paragraph 1410, and that the metal stands and mountings were properly classifiable as found by the collector, as manufactures of metal, under said paragraph 397. Judgment was entered accordingly, and the Government has appealed as to such portion of the judgment as was adverse to it.

The relevant portions of said paragraphs 397 and 1410 are as follows:

PAR. 397. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

PAR. 1410. * * * blank books, slate books, drawings, engravings, photographs, etchings, maps, and charts, 25 per centum ad valorem * * *.

The sample is a deflated globe of silk or rubberized fabric, with a representation of the terrestrial sphere, in colors, upon the exterior thereof. The globe is so constructed that it can be inflated through an opening in the end, and can be then kept inflated. Metal pins, or fasteners, are attached to each pole, by which the globe can be attached to an aluminum, graduated, semicircumferential piece, and an aluminum tripod mounting.

In the recent case of *United States* v. *McNally*, 21 C.C.P.A. (Customs) 522, T.D. 46973, much the same question was presented as here. The only apparent difference is that in the former case the globe was of paper, while here it is of silk or rubberized fabric, and is deflatable. It is not seen, however, where this distinction creates any difference in the principles involved in determining classification.

Our conclusion in the *McNally* case, *supra*, is thought to be decisive of one of the issues here. We held there that the imported paper globes were classifiable as manufactures of paper and not as maps, and, in so doing, called attention to *Robinson* v. *United States, supra*, and its apparent conflict with *In re Halle Bros.*, Abstract 17634, 60 Treas. Dec. 1329, and *In re McNally Bros.*, Abstract 17693, 60 Treas. Dec. 1340. There is nothing in this record which leads to a different conclusion.

The trial court was of the opinion that the imported articles should be severed for duty purposes, the globes being treated as maps, and the frames and mountings as manufactures of metal. It is quite obvious, however, that these articles ought to be treated as entireties. Each globe, with its complete mounting and instructions, is inclosed in a closed box, which is named thereon "Patent No. 75632, Collapsible Pocket Globe." Each box is a sealed package, containing a collapsible globe, a frame and mountings, all parts necessary to fully complete the article, and instructions for fitting the parts together into a complete whole. These are imported and are intended to be, and are,

40

used together. This constitutes an entirety, under the doctrine of our most recent cases: *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T.D. 41232; *Salemi & Sons* v. *United States*, 19 C.C.P.A. (Customs) 43 T.D. 44892.

No showing is made in the record which requires the classification of the articles under any other alternative claim in the protest. There is nothing shown to overcome the presumption that the articles are in chief value of metal.

The judgment of the United States Customs Court is *reversed* as to the classification of "deflated rubberized silk globes", and is otherwise *affirmed*.